UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Brandon D'Haenens, et al.,<br><br>Plaintiffs<br><br>v.<br><br>Chayse Myers, et al.,<br><br>Defendants | Case No.: 2:15-cv-850-JAD-PAL<br><br>**Order Denying Emergency *Ex Parte* Motion for Temporary Restraining Order [Doc. 4] and Motion to Shorten Time [Doc. 9]** |

  Plaintiff Brandon D'Haenens and a host of related dental entities are in the middle of a commercial arbitration proceeding before the American Arbitration Association (AAA) against Defendants Chase Myers, Matt Baker, and others. Although this dispute seems to be actively litigated in a number of different venues, plaintiffs now come to this court on an "emergency *ex parte*" basis seeking a temporary restraining order to stop the AAA arbitration proceeding and dissolve a preliminary injunction issued by an unidentified Utah court. Doc. 4.

  This court is skeptical of its jurisdiction and power to order the relief sought. But it need not reach those issues at this time because the motion is procedurally defective. When a party seeks a temporary restraining order on an *ex parte* basis, Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure requires the moving attorney to certify in writing "any efforts made to give notice and the reasons why it should not be required." Local Rule 7-5 places the additional burden on parties moving on an *ex parte* or emergency basis to show "good cause why the matter was submitted to the Court without notice to all parties." L.R. 7-5(b). "Written requests for judicial assistance in resolving an emergency dispute" must also contain "the office addresses and telephone numbers of movant and all affected parties" and:

> A statement of movant certifying that, after personal consultation and sincere effort to do so, movant has been unable to resolve the matter without Court action. The statement must also state when and how the other affected party was notified of the motion or, if the other party was not notified, why it was not practicable to do so. If the nature of the emergency precludes such consultation with the other party, the statement shall include a detailed description of the emergency, so that the Court can evaluate whether consultation truly was precluded.

L.R. 7-5(d)(2)–(3).

Although this request was submitted on both an emergency and *ex parte* basis, movant's counsel has not certified the efforts made to serve this motion on the other affected parties or why service should not be required, identified the contact information for movant and all affected parties, or provided the certified to the court's satisfaction the reasons that relief is unavailable in the context of one of the other proceedings in which this dispute is being actively litigated. Accordingly, movants have failed to carry their burdens in seeking emergency or *ex parte* relief, and their motion is denied.

Movants have also filed a separate motion requesting that I shorten the time for hearing their motion for temporary restraining order. Doc. 9. This motion is denied because it is redundant—the motion for a temporary restraining order was already submitted on an emergency and *ex parte* basis—and because it is moot in light of my denial of the emergency *ex parte* motion. To the extent that the goal of the motion to shorten time was to expedite a hearing on a motion for preliminary injunction, the motion is denied for the separate reason that plaintiff has not filed a motion for preliminary injunction; the motion for temporary restraining order does not also seek a preliminary injunction, it requests only a temporary restraining order.[1] *See* Doc. 4.

### Conclusion

Accordingly, it is HEREBY ORDERED that the Emergency *Ex Parte* Motion for Temporary Restraining Order **[Doc. 4]** and the Motion for Shortening Time **[Doc. 9] are DENIED**.

DATED: May 8, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[1] The motion references a "Motion for Declaratory Relief, Temporary Restraining Order/Preliminary Injunction, Permanent Injunction, and Damages." Doc. 9 at 2. There is no such motion in this case. It also states that "Capability Ranch" seeks the order shortening time, and the signature block also states that filing counsel is the "Attorney for Appellant/Debtor Capability Ranch LLC." *Id*. Capability Ranch LLC is not a party to this case. The court will not begin to guess what was intended here.